UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK PRINCE,            ) | |
|    Plaintiff,                 ) | |
|                         ) | |
| vs.                            ) | No. 20-4180 |
|                         ) | |
| TRINITY HOSPITAL and DR. FIERCE, ) | |
|    Defendants.            ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The *pro se* Plaintiff's complaint has been filed as a complaint pursuant to 42 U.S.C.§1983, but it is unclear why Plaintiff filed his complaint in Federal Court.[1] Plaintiff has identified two Defendants: Trinity Hospital and Dr. Fierce. In January of 2020, Plaintiff had hernia surgery at Trinity Hospital in Rock Island, Illinois. Four hours later, Plaintiff returned to an unspecified detention center.

---

[1] Plaintiff did not use a federal complaint form for an action pursuant to 42 U.S.C. §1983 form. [1]. Instead, Plaintiff submitted a handwritten complaint.

Later in the day, Plaintiff began to experience intense pain and swelling. Plaintiff was rushed back to the hospital and underwent a second surgery. Plaintiff says the first surgeon, Dr. Fierce, "mistakenly" "nicked" the main artery to his testicle and Plaintiff suffered serious, internal bleeding. (Comp., p. 1). Plaintiff is currently a federal inmate in the Mercer County Jail.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Hatton v. Black,* 2020 WL 6487519, at *1 (S.D.Ind. Nov. 3, 2020), *quoting West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has not clearly identified a state actor, nor has he alleged a violation of his constitutional rights or federal law. For instance, if Plaintiff intended to state an Eighth Amendment violation, he must allege he suffered from a serious medical need and the Defendant, a state actor, was deliberately indifferent to that need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir.2008).

Plaintiff has not provided a factual basis which would allow the Court to infer Dr. Fierce was a state actor. However, if given leave to amend, it is possible Plaintiff might be able to clarify his claim. *See Cummings v. Quakenbush*, 2013 WL 5603933, at *8 (S.D.Ind. Oct. 10, 2013); *Estate of Rice ex rel. Rice v. Correctional Medical Services*, 596 F.Supp.2d 1208, 1218-19 (N.D.Ind. Jan. 26, 2009).

Plaintiff has also clearly alleged a serious medical condition. However, Plaintiff's complaint does not allege any Defendant was deliberately indifferent to that condition.

"To determine if a prison official acted with deliberate indifference, we look into his or her subjective state of mind." *Petties v. Carter*, 836 F3d 722, 728 (7th Cir. 2016), *citing Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). In other words, "a plaintiff must provide evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Petties,* 836 F3d at 728 (emphasis in original), *citing Farmer v Brennan*, 511 U.S. 825, 844 (1994).

Plaintiff alleges he suffered due to the Defendant Doctor's mistake and "negligence." (Comp., p. 1). However, inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). While Plaintiff's claim may support a state law claim of medical malpractice, the allegations do not allege an Eighth Amendment claim.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Therefore, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-803 (7th Cir. 2009).

Since Plaintiff has alleged only a state law claim, this Court must dismiss his complaint for lack of jurisdiction. *See Stinson v. Rothbauer*, 2020 WL 6709942, at *1–2 (W.D.Wis. Nov. 16, 2020)(dismissing complaint alleging medical malpractice for lack of jurisdiction); *see also Harris v. Belford*, 2020 WL 6872885, at *6 (S.D.Ill., Nov. 23, 2020)

(dismissing case with prejudice after refusing to exercise supplemental jurisdiction over surviving state law claims).

Plaintiff may choose to file his complaint in state court, but Plaintiff is admonished he must file his complaint within the two-year statute of limitations period. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *see also* 735 ILCS 5/13-212.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for lack of federal subject matter jurisdiction.

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 2nd day of December, 2020.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE